## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**JAMES FRANCES RADKE, Individually**
**and on behalf of SIMILARLY**
**SITUATED MEMBERS OF A CLASS,**

**Plaintiffs,**

**Case No:**

**-vs-**

**Hon:**

**COUNTY OF MONROE, a**
**Michigan Body Corporate,**
**CHIEF JUDGE JACK VITALE,**
**in his Individual Capacity,**
**MICHELLE M. MARCERO, TINA TODD,**
**MITCHELL McFADDEN, JESSICA D. CHAFFIN,**
**DAVID DELPIOMBO and TOD C. O'LONE,**

**Defendants.**

_____/

**DAVID A. BAJOREK (P39096)**
Attorney for Plaintiffs
6715 Park Avenue
Allen Park, Michigan 48101
313-381-9701
bajorek@bajoreklawfirm.com

_____/

## CLASS ACTION COMPLAINT

## AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff JAMES FRANCES RADKE, Individually and on

BEHALF OF SIMILARLY SITUATED MEMBERS OF A CLASS, by and through his

attorney, DAVID A. BAJOREK, respectfully submitting, as his Complaint and Demand

for Jury Trial, the following:

## INTRODUCTION

1.   The above named Plaintiffs advance the within matter seeking redress, pursuant to 42 USC 1983, for Defendants' violation, while acting under color of state law, of certain federally protected rights, privileges and immunities of Plaintiffs.

2.   Plaintiffs' claims, more specifically, arise out of Defendants County of Monroe and Chief Judge Jack Vitale's conduct in administering and otherwise facilitating Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo, and Tod C. O'Lone's placement in the purported positions as *"Magistrates"* of the 1st Judicial District Court, resulting in Plaintiffs suffering, to varying degree, deprivations of their 4th Amendment Rights to be free from unreasonable searches and seizures and deprivation of their 14th Amendment Rights to be free from deprivation of liberty and property without due process of law.

## PARTIES, JURISDICTION AND VENUE

3.   Plaintiff James Frances Radke was, at all times pertinent hereto, a resident of the County of Wayne, State of Michigan.

4.   Plaintiffs, putative Similarly Situated Members of a Class, are individuals who were subjected to the unconstitutional exercise of power of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color of authority of state law, as purported *"Magistrates"* of the 1st Judicial District Court.

5.   Defendant, County of Monroe, is a constitutionally designated Michigan Body Corporate.

6. Defendant Chief Judge Jack Vitale was, at times pertinent hereto, a resident of the County of Monroe, acting under color of authority of the state as Chief Judge of the 1st Judicial District Court.

7. Defendant Michelle M. Marcero was, at times pertinent hereto, a resident of the County of Monroe, acting under color of authority of the state as a purported *"Magistrate"* of the 1st Judicial District Court.

8. Defendant Tina Todd was, at times pertinent hereto, a resident of the County of Monroe, acting under color of authority of the state as a purported *"Magistrate"* of the 1st Judicial District Court.

9. Defendant Mitchell A. McFadden was, at times pertinent hereto, a resident of the County of Monroe, acting under color of authority of the state as a purported *"Magistrate"* of the 1st Judicial District Court.

10. Defendant Jessica D. Chaffin was, at times pertinent hereto, a resident of the County of Monroe, acting under color of authority of the state as a purported *"Magistrate"* of the 1st Judicial District Court.

11. Defendant David DelPiombo was, at times pertinent hereto, a resident of the County of Monroe, acting under color of authority of the state as a purported *"Magistrate"* of the 1st Judicial District Court.

12. Defendant Tod C. O'Lone was, at times pertinent hereto, a resident of the County of Monroe, acting under color of authority of the state as a purported *"Magistrate"* of the 1st Judicial District Court.

13. The within matter arises out conduct of Defendants, at various times, occurring within the County of Monroe, State of Michigan, from September 23, 1999 to present.

14. This Honorable Court has subject matter jurisdiction of the within matter, as Plaintiffs' claims are brought pursuant to 42 USC 1983, as a " … civil action arising under the Constitution, laws or treaties of the United States …" and, therefore, raises a "federal question" as provided in 28 USC 1331 and is further " … a civil action authorized by law to be commenced … to recover damages … or other relief under any Act of Congress providing for the protection of civil rights …", as provided for in 28 USC 1343.

15. Venue is proper as " … a substantial part of the events or omissions giving rise to the claim … " occurred within this Honorable Court's judicial district, as provided for in 28 USC 1391(b)(2), and Defendant County of Monroe is situated within this Honorable Court's judicial district, as provided for in 28 USC 1391(d).

## **FACTUAL AVERMENTS**

### ***Appointment of "Magistrates"***

16. The 1st District Court for the State of Michigan is situated and has jurisdiction within the geographical boundaries of Defendant County of Monroe.

17. The governing legislative body of Defendant County of Monroe is the "Monroe County Board of Commissioners".

18. The process of the appointment of District Court Magistrates, in the State of Michigan, is statutorily mandated by Michigan Public Act 236 of 1961, the *"Revised Judicature Act"*.

19.  That statutorily mandated appointment process provides for specific action of the County Board of Commissioners for the County in which the District Court is situated.

> *"All magistrates provided for shall be appointed by the judges of the district and **the appointments shall be subject to approval by the county board of commissioners <u>before</u> a person assumes the duties of the office of magistrate".** MCL 600.8501(1).  (emphasis added)

20.  It is further statutorily mandated that:

> *"Before assuming office, persons appointed magistrates **shall take the constitutional oath of office and file a bond with the treasurer** ... of that district in an amount determined by the state court administrator".*  MCL 600.8507(1) (emphasis added)

21.  In 1981, the Michigan Attorney General's Office issued an opinion affirming the statutory mandate of County Board of Commission approval of the appointment of district court magistrates. Mich. Op. Atty. Gen. No. 5905 (May 18, 1981)

22.  In 2001, the United States Court of Appeals, 6th Circuit, ruled upon the question of the validity of a search warrant issued by an individual lacking legal authority to issue search warrants.  The court stated:

> *"We ... hold that when a warrant is signed by someone who lacks the legal authority necessary to issue search warrants, the warrant is **void ab initio**".  <u>United States v. Scott</u>*, 260 F.3d 512 (6th Cir. 2001). (emphasis added)

23.  The court further noted:

> *"(Retired) Judge Barker possessed no legal authority pursuant to which he could issue a valid warrant.  Under these circumstances, the warrant is void and evidence seized pursuant to it must be excluded"*, <u>Scott</u>, id.

24.  In 2002, the United States Federal District Court for the Eastern District of Michigan, citing the above referenced Attorney General Opinion and the 6th Circuit Court

of Appeals opinion in _Scott_, id., ruled that, where the Iosca, Michigan County Board of Commissioners failed to "approve" the appointment of a nominated individual as Magistrate, that individual was without authority to act and all action taken by the purported _"Magistrate"_, is _"void ab initio"_.

> "The Sixth Circuit has held in _United States v. Scott_, 260 F.3d 512 (6th Cir. 2001), that **warrants issued by an individual who is not properly appointed are void as a matter of law**". _U.S. v. Neering_, 194 F. Supp 2d 620 (E.D. Mich. 2002).  (emphasis added)

25.   The _Neering_ Court went on to conclude that, because the Magistrate lacked authority to issue the search warrant, **_the evidence seized pursuant thereto must be suppressed_**". _Neering_, id., 628 (emphasis added).

26.   Upon information and belief, Plaintiffs submit that Defendant Chief Judge Jack Vitale was placed on notice of the statutory mandate of County Board of Commission approval of the appointment of District Court Magistrates by lecture, material and manuals provided at state _Judicial Conferences_ attended by Defendant Chief Judge Jack Vitale.

27.   Upon information and belief, Plaintiffs submit that the defendant purported _"Magistrates"_ all were placed on notice of the statutory mandate of County Board of Commission approval of their respective appointments as District Court Magistrates by lecture, material and manuals provided at mandatory state _Judicial Conferences_ attended by the defendant purported _"Magistrates"_.

28.   The requirement of the approval of the County Board of Commissioners, prior to an individual assuming the powers of the office of "Magistrate", has, therefore, been:

statutorily mandated since 1961;

affirmed by Michigan Attorney General opinion of 1981;

affirmed by the 6th Circuit Court of Appeals in 2001;

affirmed by the U.S. District Court, for the Eastern District of Michigan, in 2002;

affirmed and emphasized by lecture, material and manuals provided at mandatory state *Judicial Conferences* attended by the Defendant Chief Judge; and

affirmed and emphasized by lecture, material and manuals provided at mandatory state *Judicial Conferences* attended by the Defendant purported *"Magistrates"*.

### *Purported Appointment of Defendant Michelle M. Marcero as "Magistrate"*

29.  On December 8, 1998, the County of Monroe Board of Commissioners approved a resolution adopting the *"1999 General Appropriations Act"*, containing a *"budget line-item"* purporting to provide *"funding for compensation for magistrates"*.

30.  On September 23, 1999, the then Chief Judge (Non-Defendant) Terrence P. Bronson, issued 1st Judicial District Court *"Administrative Order 1999-06 – Appointment of Non-Attorney Magistrate"*, purporting to *"appoint"* Defendant Michelle M. Marcero as *"Magistrate"* of the 1st Judicial District Court.

31.  Without having obtained the Monroe County Board of Commission approval of the appointment of Defendant Michelle M. Marcero as *"Magistrate"*, then Chief Judge (Non-Defendant) Terrence P. Bronson, directed, assigned or otherwise permitted Defendant Michelle M. Marcero to assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

32. By the issuance of the referenced *"Administrative Order"*, the then Chief Judge (Non-Defendant), Terrence P. Bronson, purported to extend to Defendant Michelle M. Marcero authority including, but not limited to:

> Arraign and sentence misdemeanor offenders for offenses punishable up to 90-days in jail and/or a fine;
>
> Arraign and sentence misdemeanor offenders for offenses punishable up to 93-days in jail and/or a fine;
>
> Issue misdemeanor and felony warrants for the arrest of individuals;
>
> Set the amount of the requisite *"bond"* to be posted for an individual's release from custody;
>
> Hear and preside over civil infraction admissions and hearings and assess fines and costs;
>
> Accept waivers of jury trial;
>
> Accept waivers of preliminary examination; and
>
> Issue search warrants.

33. Without first having obtained the Monroe County Board of Commission approval of her appointment as *"Magistrate"*, Defendant Michelle M. Marcero did assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

34. Upon assuming the position and during his tenure as Chief Judge of the 1st. Judicial District Court, Defendant Chief Judge Jack Vitale, without having obtained the Monroe County Board of Commission approval of the appointment of her *"appointment"* as *"Magistrate"*, assigned, delegated to or otherwise permitted Defendant Michelle M. Marcero to exercise power and authority as a purported *"Magistrate"* of the 1st. Judicial District Court.

### *Purported Appointment of Defendant*
### *Tina Todd as  "Magistrate"*

35. On December 21, 2010, the County of Monroe Board of Commissioners approved a resolution adopting the *"2011 General Appropriations Act"*, containing a *"budget line-item"* purporting to provide *"funding for compensation for magistrates"*.

36. On December 9, 2011, Defendant Chief Judge Jack Vitale issued 1st Judicial District Court *"Administrative Order 2011-04 – Appointment of Magistrate"*, purporting to *"appoint"* Defendant  Tina Todd as *"Magistrate"* of the 1st Judicial District Court.

37. Without having obtained the Monroe County Board of Commission approval of the appointment of Tina Todd as *"Magistrate"*, Defendant Chief Judge Jack Vitale directed, assigned or otherwise permitted Defendant Tina Todd to assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

38. By the issuance of the referenced *"Administrative Order"*, Defendant Chief Judge Jack Vitale purported to extend to Defendant Tina Todd authority including, but not limited to:

> Arraign and sentence misdemeanor offenders for offenses punishable up to 90-days in jail and/or a fine;
>
> Arraign and sentence misdemeanor offenders for offenses punishable up to 93-days in jail and/or a fine;
>
> Issue misdemeanor and felony warrants for the arrest of individuals;
>
> Set the amount of the requisite *"bond"* to be posted for an individual's release from custody;
>
> Hear and preside over civil infraction admissions and hearings and assess fines and costs;
>
> Accept waivers of jury trial;

Accept waivers of preliminary examination; and

Issue search warrants.

39. Without first having obtained the Monroe County Board of Commission approval of her appointment, Defendant Tina Todd did assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

### *Purported Appointment of (Non-Defendant)*
### *Leslie J. Nearpass as "Magistrate"*

40. On November 15, 2011, the County of Monroe Board of Commissioners approved a resolution adopting the *"2012 General Appropriations Act"*, containing a *"budget line-item"* purporting to provide *"funding for compensation for magistrates"*.

41. On March 28, 2012, Defendant Chief Judge Jack Vitale issued 1st Judicial District Court *"Administrative Order 2012-01 – Appointment of Attorney Magistrate"*, purporting to *"appoint"* (Non-Defendant) Leslie J. Nearpass as *"Magistrate"* of the 1st Judicial District Court.

42. Without having obtained the Monroe County Board of Commission approval of the appointment of Leslie J. Nearpass as *"Magistrate"*, Defendant Chief Judge Jack Vitale directed, assigned or otherwise permitted (Non-Defendant) Leslie J. Nearpass to assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

43. By the issuance of the referenced *"Administrative Order"*, Defendant Chief Judge Jack Vitale purported to extend to (Non-Defendant) Leslie J. Nearpass authority *" ... to hear cases in the small claims division of the district court"*.

44.    Without first having obtained the Monroe County Board of Commission approval of his/her appointment, (Non-Defendant) Leslie Nearpass did assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

### *Purported Appointment of Defendant*
### *Mitchell A. McFadden as "Magistrate"*

45.    On November 13, 2012 the County of Monroe Board of Commissioners approved a resolution adopting the *"2013 General Appropriations Act"*, containing a *"budget line-item"* purporting to provide *"funding for compensation for magistrates"*.

46.    On March 27, 2013, Defendant Chief Judge Jack Vitale issued 1st Judicial District Court *"Administrative Order 2013-01 – Appointment of Magistrate"*, purporting to *"appoint"* Defendant   Mitchell A. McFadden as "*Magistrate*" of the 1st Judicial District Court.

47.    Without having obtained the Monroe County Board of Commission approval of the appointment of Defendant Mitchell A. McFadden as *"Magistrate"*, Defendant Chief Judge Jack Vitale directed, assigned or otherwise permitted Defendant Mitchell A. McFadden to assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

48.    By the issuance of the referenced *"Administrative Order"*, Defendant Chief Judge Jack Vitale purported to extend to Defendant Mitchell A. McFadden authority including, but not limited to:

> Arraign   and   sentence   misdemeanor   offenders   for   offenses punishable up to 90-days in jail and/or a fine;

> Arraign   and   sentence   misdemeanor   offenders   for   offenses punishable up to 93-days in jail and/or a fine;

Issue misdemeanor and felony warrants for the arrest of individuals;

Set the amount of the requisite *"bond"* to be posted for an individual's release from custody;

Hear and preside over civil infraction admissions and hearings and assess fines and costs;

Accept waivers of jury trial;

Accept waivers of preliminary examination; and

Issue search warrants.

49. Without first having obtained the Monroe County Board of Commission approval of his appointment as *"Magistrate"*, Defendant Mitchell A. McFadden did assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

### *Purported Appointment of Defendant*
### *Jessica D. Chaffin as "Magistrate"*

50. On November 13, 2012, the County of Monroe Board of Commissioners approved a resolution adopting the *"2013 General Appropriations Act"*, containing a *"budget line-item"* purporting to provide *"funding for compensation for magistrates"*.

51. On November 27, 2013, Defendant Chief Judge Jack Vitale issued 1st Judicial District Court *"Administrative Order 2013-04 – Appointment of Magistrate"*, purporting to *"appoint"* Defendant Jessica D. Chaffin as *"Magistrate"* of the 1st Judicial District Court.

52. Without having obtained the Monroe County Board of Commission approval of the appointment of Defendant Jessica D. Chaffin as *"Magistrate"*, Defendant Chief Judge Jack Vitale directed, assigned or otherwise permitted Defendant Jessica D. Chaffin

to assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

53. By the issuance of the referenced *"Administrative Order"*, Defendant Chief Judge Jack Vitale purported to extend to Defendant Jessica D. Chaffin authority including, but not limited to:

> Arraign and sentence misdemeanor offenders for offenses punishable up to 90-days in jail and/or a fine;

> Arraign and sentence misdemeanor offenders for offenses punishable up to 93-days in jail and/or a fine;

> Issue misdemeanor and felony warrants for the arrest of individuals;

> Set the amount of the requisite *"bond"* to be posted for an individual's release from custody;

> Hear and preside over civil infraction admissions and hearings and assess fines and costs;

> Accept waivers of jury trial;

> Accept waivers of preliminary examination; and

> Issue search warrants.

54. Without first having obtained the Monroe County Board of Commission approval of her appointment as *"Magistrate"*, Defendant Jessica D. Chaffin did assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

### ***Purported Appointment of Defendant David DelPiombo as "Magistrate"***

55. On November 5, 2013, the County of Monroe Board of Commissioners approved a resolution adopting the *"2014 General Appropriations Act"*, containing a *"budget line-item"* purporting to provide *"funding for compensation for magistrates"*.

56. On August 20, 2014, Defendant Chief Judge Jack Vitale issued 1st Judicial District Court *"Administrative Order 2014-03 – Appointment of Magistrate"*, purporting to *"appoint"* Defendant  David DelPiombo as "*Magistrate*" of the 1st Judicial District Court.

57. Without having obtained the Monroe County Board of Commission approval of the appointment of Defendant David DelPiombo as *"Magistrate"*, Defendant Chief Judge Jack Vitale directed, assigned or otherwise permitted Defendant David DelPiombo to assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

58. By the issuance of the referenced *"Administrative Order"*, Defendant Chief Judge Jack Vitale purported to extend to Defendant David DelPiombo authority including, but not limited to:

>    Issue misdemeanor and felony warrants for the arrest of individuals;
>
>    Set the amount of the requisite *"bond"* to be posted for an individual's release from custody; and
>
>    Issue search warrants.

59. Without first having obtained the Monroe County Board of Commission approval of his appointment, Defendant David DelPiombo did assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

### ***Purported Appointment of Defendant Tod C. O'Lone as "Magistrate"***

60. On November 5, 2013, the County of Monroe Board of Commissioners approved a resolution adopting the *"2014 General Appropriations Act"*, containing a *"budget line-item"* purporting to provide *"funding for compensation for magistrates"*.

61. On August 20, 2014, Defendant Chief Judge Jack Vitale issued 1st Judicial District Court *"Administrative Order 2014-04 – Appointment of Magistrate"*, purporting to *"appoint"* Defendant Tod C. O'Lone as *"Magistrate"* of the 1st Judicial District Court.

62. Without having obtained the Monroe County Board of Commission approval of the appointment of Defendant Tod C. O'Lone as *"Magistrate"*, Defendant Chief Judge Jack Vitale directed, assigned or otherwise permitted Defendant Tod C. O'Lone to assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

63. By the issuance of the referenced *"Administrative Order"*, Defendant Chief Judge Jack Vitale purported to extend to Defendant Tod C. O'Lone authority including, but not limited to:

> Issue misdemeanor and felony warrants for the arrest of individuals;

> Set the amount of the requisite *"bond"* to be posted for an individual's release from custody; and

> Issue search warrants.

64. Without first having obtained the Monroe County Board of Commission approval of his appointment as *"Magistrate"*, Defendant Tod C. O'Lone did assume and begin exercising the powers of the position of *"Magistrate"* of the 1st. Judicial District Court.

### *Defendant County of Monroe's Continued Funding*
### *of Purported "Magistrate" Positions*

65. Without having approved the appointment of Michelle M. Marcero as Magistrate, the County of Monroe Board of Commissioners, nevertheless, approved resolutions adopting annual *"General Appropriations Acts"*, for fiscal years 1999 through 2010, containing *"budget line-items"* purporting to provide *"funding for compensation for magistrates",* thereby enabling, allowing, permitting, sanctioning and ratifying Defendant Michelle M. Marcero's continued exercise of the powers and authority as a purported *"Magistrate"* of the 1st. Judicial District Court.

66. Without having approved the appointment of Defendants Michelle M. Marcero and Tina Todd as Magistrates, the County of Monroe Board of Commissioners, nevertheless, approved a resolution adopting an annual *"General Appropriations Act"*, for fiscal year 2011, containing a *"budget line-item"* purporting to provide *"funding for compensation for magistrates",* thereby enabling, allowing, permitting, sanctioning and ratifying Defendants Michelle M. Marcero and Tina Todd's continued exercise of the powers and authority as purported *"Magistrates"* of the 1st. Judicial District Court.

67. Without having approved the appointment of Defendants Michelle M. Marcero, Tina Todd and (Non-Defendant) Leslie Nearpass as Magistrates, the County of Monroe Board of Commissioners, nevertheless, approved a resolution adopting an annual *"General Appropriations Act"*, for fiscal year 2012, containing a *"budget line-item"* purporting to provide *"funding for compensation for magistrates",* thereby enabling, allowing, permitting, sanctioning and ratifying Defendants Michelle M. Marcero, Tina Todd and (Non-Defendant) Leslie Nearpass' continued exercise of the powers and authority as purported *"Magistrates"* of the 1st. Judicial District Court.

68. Without having approved the appointment of Defendants Michelle M. Marcero, Tina Todd, (Non-Defendant) Leslie Nearpass, Mitchell McFadden and Jessica D. Chaffin as Magistrates, the County of Monroe Board of Commissioners, nevertheless, approved a resolution adopting an annual *"General Appropriations Act"*, for fiscal year 2013, containing *"budget line-items"* purporting to provide *"funding for compensation for magistrates"*, thereby enabling, allowing, permitting, sanctioning and ratifying Defendants Michelle M. Marcero, Tina Todd, (Non-Defendant) Leslie Nearpass, Mitchell McFadden and Jessica D. Chaffin's continued exercise of the powers and authority as purported *"Magistrates"* of the 1st. Judicial District Court.

69. Without having approved the appointment of Defendants Michelle M. Marcero, Tina Todd (Non-Defendant) Leslie Nearpass, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone as Magistrates, the County of Monroe Board of Commissioners, nevertheless, approved resolutions adopting annual *"General Appropriations Acts"*, for fiscal years 2014 through 2018 containing *"budget line-items"* purporting to provide *"funding for compensation for magistrates"*, thereby enabling, allowing, permitting, sanctioning and ratifying Defendants Michelle M. Marcero, Tina Todd, (Non-Defendant) Leslie Nearpass, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone's continued exercise of the powers and authority as purported *"Magistrates"* of the 1st. Judicial District Court.

### *Defendant County of Monroe's Attempt to "Cure the Defective Appointments"*

70. On August 7, 2018, in acknowledgment of the failure to obtain the statutorily mandated Monroe County Board of Commission approval of the *"appointment"* of the

respective purported Defendant *"Magistrates"*, the County Board of Commission passed

a resolution entitled *"Resolution to Approve District Court Magistrate Appointments"*.

71.   In the referenced resolution, the Monroe County Board of Commission

acknowledges the statutory mandate that magistrate appointments obtain *"... approval by*

*the county board of commissioners before a person assumes the duties of the office of*

*magistrate"*.

72.   The Board of Commission prefaced the resolution by declaring, in pertinent

part:

> *"WHEREAS ... the Monroe County Board of Commissioners having approved and/or having in good faith intended to approve all of the District Court ... Magistrate appointments ... by virtue of the Board's annual adoption of its Budget Resolution, wherein funding for each District Court Magistrate appointment was provided ..."; and*

> *"Whereas, the County Board of Commissioners of the County of Monroe wish to reaffirm, ratify, and approve all of the District Court Magistrate appointments ... as previously approved by adoption of the annual Budget Resolutions, retroactive to the date of each Administrative Order ..."; and*

> *"Whereas, the County Board of Commissioners of the County of Monroe wish to reaffirm, ratify, and approve all actions taken by the District Court Magistrates in the performance of their official duties subsequent to the date of each Magistrate's appointment ..."*.

73.   In the referenced Resolution, it is then declared:

*"NOW, THEREFORE, THE COUNTY BOARD OF COMMISSIONERS OF THE COUNTY OF MONROE, STATE OF MICHIGAN HEREBY RESOLVES AS FOLLOWS:*

> *RESOLVED, that the appointment of each District Court ... Magistrate previously made by Administrative Order of the Monroe County 1st District Court Judges is hereby approved, reaffirmed, and ratified, retroactive to the date of said appointments ..."* and it was further;

> *RESOLVED, that all official and legal actions taken by each District Court Magistrate subsequent to the date of Each Magistrate's approval by the Monroe County 1st District Court judiciary is hereby approved. reaffirmed, and ratified".*

74. Monroe County Board of Commission passage of *"budget appropriations"* for the positions of the purported Magistrates does not constitute County Board of Commissioners *"approval"* of the respective *"appointments"*.   This Honorable Court, by opinion in <u>*Neering,*</u> id., 623, noted:

> " ... the Chairman of the Iosco County Board of Commissioners ... confirmed that '*it has been past practice that the Iosco County Board of Commissioners has granted the presiding district court judge blanket authority to appoint a magistrate at his/her pleasure'*, <u>provided that the hiring of said magistrate would not exceed current budgetary limits</u>".  (emphasis added)

75. The <u>*Neering*</u> court continued:

> "The government argues that the delegation of "blanket authority" to the district judge to appoint magistrates absent formal county board approval satisfies the command of the statute as a matter of state law.  ***<u>This court disagrees</u>*** ..." (emphasis added)

> " ... the plain language ... of the statute ... creates a two-fold obligation upon a county board:  the board must create the magistrate position, and the board must also approve the appointee ... once the county board creates the magistrate position, '*all magistrates provided for shall be appointed by the judges of the district and **the appointment shall be subject to approval by the county board of commissioners <u>before a person assumes the duties of the office of magistrate</u>**". MCL 600.8501(1); <u>*Neering*</u>, id. 626. (emphasis added)

76. The Monroe County Board of Commissioners' attempt to accomplish, by the resolution of August 7, 2018, *"retro-active approval"* of the purported Magistrate appointments is of no consequence, as the statutory mandate clearly requires " ...

*approval by the County board of commissioners **before** a person assumes the duties of the office of magistrate".*

77.   The Monroe County Board of Commissioners' August 7, 2018 passage of the referenced resolution does not purge the statutory and corresponding constitutional defects in the purported appointment of the respective Defendant *"Magistrates".*

### Continuing Unconstitutional Exercise of Power Under Color of Authority of State Law

78.   Even with the passage of the referenced Monroe County Board of Commissioners' resolution of August 7, 2018, the continued holding and exercise of the duties and powers of Magistrate, by the purported Defendant *"Magistrates",* remains statutorily and constitutionally defective for the reason that, upon information and belief, since the passage of the subject *"curative"* resolution, the respective purported Defendant *"Magistrates"* have not taken the *"Oath of Office"* and *"filed a bond",* as required by MCL 600.8507(1).

79.   Since the passage of the referenced Monroe County Board of Commissioners' resolution of August 7, 2018, Defendant Chief Judge Jack Vitale, without the respective purported Defendant *"Magistrates"* having taken the *"Oath of Office"* and *"filing a bond",* as required by MCL 600.8507(1), continued to assign, delegate to or otherwise permit Defendant purported *"Magistrates"* to exercise power and authority as purported *"Magistrates' of the 1st. Judicial District Court".*

### Facts Specific to Plaintiff James Frances Radke

80.   On or about November 12, 2017, a Monroe County Sheriff's Deputy prepared an "Affidavit for Search Warrant", for submission to an examining 1st District Court Magistrate.

81.   That affidavit was submitted to Defendant Tod C. O'Lone for review.

82.   Defendant Tod C. O'Lone then, acting under color of authority of state law, as a purported *"Magistrate"* of Defendant 1st Judicial District Court, issued a "Search Warrant".

83.   The search warrant issued by Defendant Tod C. O'Lone commanded the Deputy to " … make the search and seize the blood sample from the body of the above listed suspect (Plaintiff James Frances Radke) ….".

84.   The Deputy then transported Plaintiff James Frances Radke to a Mercy Memorial Hospital facility, where a "lab technician" intrusively injected a syringe into the blood vein of Plaintiff James Frances Radke and extracted *"2 vials"* of blood from the arm of the Plaintiff.

85.   The Deputy then forwarded the *"2 vials"* of extracted blood of Plaintiff James Frances Radke to the Michigan State Police Forensic Laboratory for "forensic analysis".

86.   At the Michigan State Police Laboratory, a *"forensic scientist"* then conducted an *"analysis"* of the molecular components of the blood of Plaintiff James Frances Radke and provided the results of that analysis to the Monroe County Sheriff's Department.

### *Facts Pertaining to the Claims of Putative* *Similarly Situated Members of a Class*

87.   As noted above, without first obtaining County of Monroe Board of Commissioners approval of their respective appointments, Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, assumed the positions as *"Magistrates"* of the 1st District Court.

88.   As further noted above, Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, upon assuming the positions of purported *"Magistrates"* of the 1st Judicial District Court, exercised, to varying degrees, the purported power and authority to:

> Arraign and sentence misdemeanor offenders for offenses punishable up to 90-days in jail and/or a fine;
>
> Arraign and sentence misdemeanor offenders for offenses punishable up to 93-days in jail and/or a fine;
>
> Issue misdemeanor and felony warrants for the arrest of individuals;
>
> Set the amount of the requisite *"bond"* to be posted for an individual's release from custody;
>
> Hear and preside over civil infraction admissions and hearings and assess fines and costs;
>
> Accept waivers of jury trial;
>
> Accept waivers of preliminary examination; and
>
> Issue search warrants.

89.   The putative class members are individuals who, by compulsory legal process, and under the color and authority of state law, became subject, to varying degrees, the exercise of the above listed powers by one or more of the named purported Defendant *"Magistrates"*.

### ***Search Warrants***

90.   Those putative class members subjected to a *"Search Warrant"* issued by a Defendant purported *"Magistrate"* suffered:

> If *"subjected to a search"*: unreasonable search:

If *"property was seized"*: *unreasonable seizure of property and deprivation of property without due process of law;*

If there was a *"seizure of the person"*: *unreasonable seizure of person and deprivation of liberty without due process of law;*

### *Setting of "Bond"*

91. Those putative class members subjected to the *"setting of bond"* by a Defendant purported *"Magistrate"* suffered:

If "bond" was posted: *unreasonable seizure of property and deprivation of property without due process of law;*

If "bond" was not posted: *unreasonable seizure of person and deprivation of liberty without due process of law;*

### *"Civil Infractions"*

92. Those putative class members subjected to the *"proceedings pertaining to civil infraction violations"* by a Defendant purported *"Magistrate"*, if found *"responsible"* suffered:

If *"fines and costs"* were assessed and/or *"driving license sanctions"* imposed: *unreasonable seizure of property and deprivation of property without due process of law;*

### *Sentencing*

93. Those putative class members subjected to *"sentencing for misdemeanor offenses"* by a Defendant purported *"Magistrate"* suffered:

If *"fines and costs"* were assessed or *"vehicle forfeiture or impoundment"* was ordered: *unreasonable seizure of property and deprivation of property without due process of law;*

If *"a period of incarceration"* was ordered: *unreasonable seizure of person and deprivation of liberty without due process of law;*

### *Arrest Warrants*

94.  Those putative class members subjected to *"an Arrest Warrant"* issued by a Defendant purported *"Magistrate"* suffered:

> If *"arrested"* pursuant to the warrant: *unreasonable seizure of person and  deprivation of liberty without due process of law;*

### *Waiver of Jury Trial*

95.  Those putative class members subjected to the *"Court's acceptance of a waiver of jury trial"*, by a Defendant purported *"Magistrate"*, and adjudicated at trial without a "jury" and convicted, suffered:

> If fines and costs assessed: *unreasonable seizure of property and deprivation of property without due process of law;*
>
> If a period of incarceration was ordered: *unreasonable seizure of person and deprivation of liberty without due process of law;*

### *Waiver of Preliminary Examination*

96.  Those putative class members subjected to the *"Court's acceptance of a waiver of preliminary examination"*, by a Defendant purported *"Magistrate"*, and adjudicated guilty at trial, suffered:

> If fines and costs assessed: *unreasonable seizure of property and deprivation of property without due process of law;*
>
> If a period of incarceration was ordered: *unreasonable seizure of person and deprivation of liberty without due process of law.*

### COUNT – 1

### LIABILITY OF DEFENDANT COUNTY OF MONROE

### Violation of 4th Amendment Right to be Free From Unreasonable Searches and Seizures

97.  U.S. Const. Amend. IV provides:

> *"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized".*

98.   At all times pertinent hereto, Plaintiff James Frances Radke and similarly situated putative class members, pursuant to U.S. Const. Amend. IV, enjoyed the constitutional right to be free from unreasonable searches and seizures.

99.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court",* was consistent with and was the direct product of a policy of Defendant County of Monroe.

100.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court",* was consistent with and was the direct product of a custom of Defendant County of Monroe.

101.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court"*, without having obtained County of Monroe Board of Commissioners approval of their respective *"appointments"*, was so routinely persistent and widespread within the 1st Judicial District Court and the County of Monroe as to effectively have the purported force of law.

102.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court"*, has been ratified by officials with decision making authority of Defendant County of Monroe thereby establishing such practice and conduct as policy and/or custom.

103.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court",* was the direct result of Defendant County of Monroe's indifference to the constitutional rights of Plaintiff James Frances Radke and the Plaintiff imputed similarly situated members of a class.

104.   The aforementioned policies, customs, acts and omissions of Defendant County of Monroe was the direct and proximate cause of Plaintiff James Frances Radke and Plaintiff imputed similarly situated members of a class suffering, to varying degree, deprivation of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property and correspondingly, to varying degree, the following:

> physical harm, during and after the events at issue, and any such physical harm that is reasonably certain to be suffered in the future;
>
> emotional and mental harm, during and after the events at issue, and any such emotional and mental harm that is reasonably certain to be suffered in the future;
>
> expenses of medical treatment, care and attention, past, present and future;

loss of wages, past, present and future;

financial losses, past, present and future;

damage, loss and/or destruction of personal and/or real property;

cost of legal services;

deprivation of right to privacy;

confinement and deprivation of liberty.

### COUNT – 2

### LIABILITY OF DEFENDANT COUNTY OF MONROE

### Violation of 14th Amendment Right to be Free From Deprivation of Liberty and/or Property Without Due Process of Law

105.   U.S. Const. Amend. XIV provides, in pertinent part:

> " No State shall ... deprive any person of ... liberty, or property, without due process of law ..."

106.   At all times pertinent hereto, Plaintiff James Frances Radke and similarly situated putative class members, pursuant to U.S. Const. Amend. XIV, enjoyed the constitutional right to be secure against the deprivation of their liberty and property without due process of law.

107.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court",* was consistent with and was the direct product of a policy of Defendant County of Monroe.

108.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court",* was consistent with and was the direct product of a custom of Defendant County of Monroe.

109.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court",* without having obtained County of Monroe Board of Commissioners approval of their respective *"appointments"*, was so routinely persistent and widespread within the 1st Judicial District Court and the County of Monroe as to effectively have the purported force of law.

110.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court",* has been ratified by officials with decision making authority of Defendant County of Monroe thereby establishing such practice and conduct as policy and/or custom.

111.   The conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, acting under color and authority of state law and exercising power and authority as purported *"Magistrates of the 1st. Judicial District Court",* was the direct result of Defendant County of

Monroe's indifference to the constitutional rights of Plaintiff James Frances Radke and the Plaintiff imputed similarly situated members of a class.

112.   The aforementioned policies, customs, acts and omissions of Defendant County of Monroe was the direct and proximate cause of Plaintiff James Frances Radke and Plaintiff imputed similarly situated members of a class suffering, to varying degree, deprivation of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law and correspondingly, to varying degree, the following:

> physical harm, during and after the events at issue, and any such physical harm that is reasonably certain to be suffered in the future;
>
> emotional and mental harm, during and after the events at issue, and any such emotional and mental harm that is reasonably certain to be suffered in the future;
>
> expenses of medical treatment, care and attention, past, present and future;
>
> loss of wages, past, present and future;
>
> financial losses, past, present and future;
>
> damage, loss and/or destruction of personal and/or real property;
>
> cost of legal services;
>
> deprivation of right to privacy;
>
> confinement and deprivation of liberty.

113.   There is no adequate state process or procedure by which Plaintiff James Frances Radke and Plaintiff imputed similarly situated members of a class may seek and obtain remedy, relief or redress for the deprivation of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

## COUNT – 3

## LIABILITY OF DEFENDANT
## CHIEF JUDGE JACK VITALE

### Violation of 4th Amendment Right to be Free From
### Unreasonable Searches and Seizures of Person and/or Property

114.  U.S. Const. Amend. IV provides:

> *"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized"..*

115.  At all times pertinent hereto, Plaintiff James Frances Radke and similarly situated putative class members, pursuant to U.S. Const. Amend. IV, enjoyed the constitutional right to be free from unreasonable searches and seizures.

116.  The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, posed an unreasonable risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

117.   The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, was in reckless disregard of the risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

118.   The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, demonstrated and constituted a substantial lack of concern for the risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

119.   The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden,

Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, constitutes gross negligence.

120. The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, was with complete indifference to the constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members not to be deprived of their 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

121. The constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members to be free from deprivation of their respective 4th Amendment Rights to be free from unreasonable search and seizure of their person and/or property are so clearly established that a reasonable Chief Judge would know that issuing *"Administrative Orders"* purporting to *"appoint"* individuals as *"Magistrates"* of a Judicial District Court and directing, assigning or otherwise permitting them to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained County Board of Commission approval of the respective *"appointments"*, constitutes a violation of that constitutional right.

122.   The constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members to be free from deprivation of their respective 4th Amendment Rights to be free from unreasonable search and seizure of their person and/or property are so clearly established that Defendant Chief Judge Jack Vitale did know that issuing   *"Administrative Orders"* purporting to *"appoint"* individuals as "*Magistrates*" of the 1st Judicial District Court and directing, assigning or otherwise permitting them to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of the respective *"appointments"*, constitutes a violation of that constitutional right.

123.   The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, is the one most immediate, efficient, and direct cause preceding Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

124.   Plaintiff James Frances Radke's and Plaintiff similarly situated putative class members' deprivation of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property was the foreseeable

consequence and result of the conduct of Defendant Chief Judge Jack Vitale issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants  Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone to assume and begin exercising the powers of the position of *"Magistrate of the 1ˢᵗ. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of the respective *"appointments"*.

125.   The conduct of Defendant Chief Judge Jack Vitale in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants  Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone to assume and begin exercising the powers of the position of *"Magistrate of the 1ˢᵗ. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of the respective *"appointments"*. made virtually certain the occurrence of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4ᵗʰ Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

126.   The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants  Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone to assume and begin exercising the powers of the position of *"Magistrate of the 1ˢᵗ. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of the respective

*"appointments"* was, therefore, the proximate cause of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property and correspondingly, to varying degree, the following:

physical harm, during and after the events at issue, and any such physical harm that is reasonably certain to be suffered in the future;

emotional and mental harm, during and after the events at issue, and any such emotional and mental harm that is reasonably certain to be suffered in the future;

expenses of medical treatment, care and attention, past, present and future;

loss of wages, past, present and future;

financial losses, past, present and future;

damage, loss and/or destruction of personal and/or real property;

cost of legal services;

deprivation of right to privacy;

confinement and deprivation of liberty.

## COUNT – 4

### LIABILITY OF DEFENDANT
### CHIEF JUDGE JACK VITALE

### Violation of 14th Amendment Right to be Free From
### Deprivation of Liberty and/or Property
### Without Due Process of Law

127.  U.S. Const. Amend. XIV provides, in pertinent part:

" *No State shall ... deprive any person of ... liberty, or property, without due process of law ...* "

128.   At all times pertinent hereto, Plaintiff James Frances Radke and similarly situated putative class members, pursuant to U.S. Const. Amend. XIV, enjoyed the constitutional right to be secure against the deprivation of their liberty and property without due process of law.

129.   The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, posed an unreasonable risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

130.   The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, was in reckless disregard of the risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of

their 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

131. The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, demonstrated and constituted a substantial lack of concern for the risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

132. The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, constitutes gross negligence.

133. The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin

exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, was with complete indifference to the risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

134. The 14th Amendment constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members to not be deprived of their liberty and/or property without due process of law are so clearly established that a reasonable Chief Judge would know that issuing *"Administrative Orders"* purporting to *"appoint"* individuals as "*Magistrates*" of a Judicial District Court and directing, assigning or otherwise permitting them to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained County Board of Commission approval of the respective *"appointments"*, constitutes a violation of that constitutional right.

135. The 14th Amendment constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members to not be deprived of their liberty and/or property without due process of law are so clearly established that Defendant Chief Judge Jack Vitale did know that issuing *"Administrative Orders"* purporting to *"appoint"* individuals as "*Magistrates*" of the 1st Judicial District Court and directing, assigning or otherwise permitting them to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the

Monroe County Board of Commission approval of the respective *"appointments"*, constitutes a violation of that constitutional right.

136.   The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointments"*, is the one most immediate, efficient, and direct cause preceding Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 14th Amendment Rights to not be deprived of their liberty and/or property without due process of law.

137.   Plaintiff James Frances Radke's and Plaintiff similarly situated putative class members' deprivation of their respective 14th Amendment Rights to not be deprived of their liberty and/or property without due process of law was the foreseeable consequence and result of the conduct of Defendant Chief Judge Jack Vitale issuing *"Administrative Orders"*  purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone to assume and begin exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of the respective *"appointments"*.

138. The conduct of Defendant Chief Judge Jack Vitale in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants  Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone to assume and begin exercising the powers of the position of *"Magistrate of the 1ˢᵗ. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of the respective *"appointments"* made virtually certain the occurrence of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their 14ᵗʰ Amendment Rights to not be deprived of their liberty and/or property without due process of law.

139. The conduct of Defendant Chief Judge Jack Vitale, in issuing *"Administrative Orders"* purporting to *"appoint"* and/or directing, assigning or otherwise permitting Defendants  Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone to assume and begin exercising the powers of the position of *"Magistrate of the 1ˢᵗ. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of the respective *"appointments"* was, therefore, the proximate cause of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 14ᵗʰ Amendment Rights to not be deprived of their liberty and/or property without due process of law and correspondingly, to varying degree, the following:

> physical harm, during and after the events at issue, and any such physical harm that is reasonably certain to be suffered in the future;

emotional and mental harm, during and after the events at issue, and any such emotional and mental harm that is reasonably certain to be suffered in the future;

expenses of medical treatment, care and attention, past, present and future;

loss of wages, past, present and future;

financial losses, past, present and future;

damage, loss and/or destruction of personal and/or real property;

cost of legal services;

deprivation of right to privacy;

confinement and deprivation of liberty.

140.   There is no adequate state process or procedure by which Plaintiff James Frances Radke and Plaintiff imputed similarly situated members of a class may seek and obtain remedy, relief or redress for the deprivation of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

### COUNT – 5

### LIABILITY OF DEFENDANTS MICHELLE M. MARCERO, TINA TODD, MITCHELL McFADDEN, JESSICA D. CHAFFIN, DAVID DELPIOMBO and TOD C. O'LONE

### Violation of 4th Amendment Right to be Free From Unreasonable Searches and Seizures

141.   U.S. Const. Amend. IV provides:

*"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized".*

142.   At all times pertinent hereto, Plaintiff James Frances Radke and similarly situated putative class members, pursuant to U.S. Const. Amend. IV, enjoyed the constitutional right to be free from unreasonable searches and seizures.

143.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, posed an unreasonable risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

144.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, was in reckless disregard of the risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

145.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of

Commission approval of their respective *"appointment"*, demonstrated and constituted a substantial lack of concern for the risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

146.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, constitutes gross negligence.

147.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, was with complete indifference to the constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

148.   The constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members to be free from deprivation of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property are so clearly established that a reasonable Magistrate or purported *"Magistrate"* would know that assuming and exercising the powers of the purported

position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, constitutes a violation of those constitutional rights.

149.   The constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members to be free from deprivation of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property are so clearly established that Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, did know that assuming and exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of the respective *"appointments"*, constitutes a violation of those constitutional rights.

150.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, is the one most immediate, efficient, and direct cause preceding Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

151.   Plaintiff James Frances Radke's and Plaintiff similarly situated putative class members' deprivation of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property was the foreseeable

consequence and result of the respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*,

152. The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, made virtually certain the occurrence of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and/or property.

153. The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, was, therefore, the proximate cause of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 4th Amendment Rights to be free from unreasonable search and/or seizure of their person and correspondingly, to varying degree, the following:

physical harm, during and after the events at issue, and any such physical harm that is reasonably certain to be suffered in the future;

emotional and mental harm, during and after the events at issue, and any such emotional and mental harm that is reasonably certain to be suffered in the future;

expenses of medical treatment, care and attention, past, present and future;

loss of wages, past, present and future;

financial losses, past, present and future;

damage, loss and/or destruction of personal and/or real property;

cost of legal services;

deprivation of right to privacy;

confinement and deprivation of liberty.

## COUNT – 6

### LIABILITY OF DEFENDANTS MICHELLE M. MARCERO, TINA TODD, MITCHELL McFADDEN, JESSICA D. CHAFFIN, DAVID DELPIOMBO and TOD C. O'LONE

### Violation of 14th Amendment Right to be Free From Deprivation of Liberty and/or Property Without Due Process of Law

154.  U.S. Const. Amend. XIV provides, in pertinent part:

*" No State shall ... deprive any person of ... liberty, or property, without due process of law ..."*

155.  At all times pertinent hereto, Plaintiff James Frances Radke and similarly situated putative class members, pursuant to U.S. Const. Amend. XIV, enjoyed the constitutional right to be secure against the deprivation of their liberty and property without due process of law.

156.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, posed an unreasonable risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

157.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, was in reckless disregard of the risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

158.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, demonstrated and constituted a substantial lack of concern for the risk of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 14th

Amendment Rights to not be deprived of liberty and/or property without due process of law.

159.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, constitutes gross negligence.

160.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, was with complete indifference to the constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

161.   The constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members to be free from deprivation of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law are so clearly established that a reasonable Magistrate or purported *"Magistrate"* would know that assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*,  constitutes a violation of those constitutional rights.

162.   The constitutional rights of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members to be free from deprivation of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law are so clearly established that Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, did know that assuming and exercising the powers of the position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of the respective *"appointments"*, constitutes a violation of those constitutional rights.

163.   The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, is the one most immediate, efficient, and direct cause preceding Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

164.   Plaintiff James Frances Radke's and Plaintiff similarly situated putative class members' deprivation of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law was the foreseeable consequence and result of the respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st.*

*Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*,

165. The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, made virtually certain the occurrence of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

166. The respective conduct of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone, in assuming and exercising the powers of the purported position of *"Magistrate of the 1st. Judicial District Court"*, without having obtained the Monroe County Board of Commission approval of their respective *"appointment"*, was, therefore, the proximate cause of Plaintiff James Frances Radke and Plaintiff similarly situated putative class members being deprived of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law and correspondingly, to varying degree, the following:

> physical harm, during and after the events at issue, and any such physical harm that is reasonably certain to be suffered in the future;
>
> emotional and mental harm, during and after the events at issue, and any such emotional and mental harm that is reasonably certain to be suffered in the future;

expenses of medical treatment, care and attention, past, present and future;

loss of wages, past, present and future;

financial losses, past, present and future;

damage, loss and/or destruction of personal and/or real property;

cost of legal services;

deprivation of right to privacy;

confinement and deprivation of liberty.

167.   There is no adequate state process or procedure by which Plaintiff James Frances Radke and Plaintiff imputed similarly situated members of a class may seek and obtain remedy, relief or redress for the deprivation of their respective 14th Amendment Rights to not be deprived of liberty and/or property without due process of law.

### CLASS ACTION ASSERTIONS

168.   The individually named Plaintiff seeks, pursuant to Federal Rule of Civil Procedure 23(b)(3), certification as a class those individuals similarly situated relative to their respective claims, pursuant to 42 USC 1983, versus the named Defendants.

169.   The individually named Plaintiff seeks, pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), an order defining the class and class claims of those individuals similarly situated relative to their respective claims, pursuant to 42 USC 1983, versus the named Defendant.

170.   The individually named Plaintiff seeks, pursuant to Federal Rule of Civil Procedure 23(c)(g), an order appointing counsel of record of the individually named plaintiff, DAVID A. BAJOREK, as class counsel for the advancement of the within matter, pursuant to 42 USC 1983, versus the named Defendants.

## CLASS CERTIFICATION

### Definition and Scope of Proposed Class

171.   The individually named Plaintiff seeks certification of the class,

tentatively defined as follows:

> All individuals who have been subject to *"searches and/or seizures"* of their *"person and/or property"* and all individuals who have been subject to *"deprivation of property and/or liberty"*, as a result of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone's exercise of power and authority as purported *"Magistrates"* of the 1st Judicial District Court.

### Numerosity

172.  Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica

D. Chaffin, David DelPiombo and Tod C. O'Lone, as purported *"Magistrates"* of the 1st

Judicial District Court, exercised, to varying degree and extent, power and authority to:

> Arraign and sentence misdemeanor offenders for offenses punishable up to 90-days in jail and/or a fine;
>
> Arraign and sentence misdemeanor offenders for offenses punishable up to 93-days in jail and/or a fine;
>
> Issue misdemeanor and felony warrants for the arrest of individuals;
>
> Set the amount of the requisite *"bond"* to be posted for an individual's release from custody;
>
> Hear and preside over civil infraction admissions and hearings and assess fines and costs;
>
> Accept waivers of jury trial;
>
> Accept waivers of preliminary examination; and
>
> Issue search warrants.

173.   The above may be summarized as purported power and authority relative to:

a. issuance of investigative search warrants; and

b. presiding over crucial stages of the following:

    i.   civil infraction violations;
    ii.   misdemeanor criminal proceedings; and
    iii.   felony criminal proceedings.

174.   Upon information and belief, Plaintiff submits that the purported Defendant *"Magistrates"* issued, collectively, an average of, at least, 300 *"Search Warrants"* per year.

175.   A review of records of the 1st Judicial District Court, indicates that, for the four-year period from 2014 through 2017, the Court received the following number of newly filed, *"incoming cases"*:

| | |
|---|---|
| Felonies: | 9,262 |
| Misdemeanors: | 31,403 |
| Civil Infractions: | 77,396 |

176.   Given the 1st Judicial District Court volume of felonies, misdemeanors and civil infraction violations, it is reasonable to presume that individuals who have been subject to *"searches and/or seizures"* of their *"person and/or property"* and individuals who have been subject to *"deprivation of property and/or liberty"*, as a result of Defendants Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone's exercise of power and authority as purported *"Magistrates"* of the 1st Judicial District Court, will number in the tens-of-thousand.

177.    Plaintiff respectfully submits that the prospective class of *"similarly situated individuals"* is so numerous that "joinder" of all members "individually" is impracticable, as contemplated by Fed. R. Civ. P. 23(a)(1)

### Common Questions of Law and Fact

178.    The claims of the prospective class members raise common questions of law and fact, as contemplated by Fed. R. Civ. P. 23(a)(1).

### Commonality of Law

179.   The claims of the prospective class members have in common the following questions of law:

> a.  process of proper *"Appointment of Magistrates"* of the District Court;
>
> b.  4th Amendment right to be free from *"unreasonable searches and/or seizures of person and/or property";* and
>
> c.  14th Amendment right to not be *"deprived of property and/or liberty without due process of law".*

### Commonality of Fact

180.   The claims of the prospective class members have in common the following questions of fact:

> a.   process of the purported *"Appointment"* of the Defendant *"Magistrates";*
>
> b.  class member instances of being subjected to *"unreasonable searches and/or seizures of person and property"*; and
>
> c.  class member instances of being subjected to *"deprivation of property and/or liberty without due process of law".*

### Representative Plaintiff's Claim is Typical of Claims of Prospective Class Members

181.   The claim of the individually named "representative" Plaintiff is typical of the claims of the members of the putative class, as contemplated by Fed. R. Civ. P. 23(a)(3).

### Fair and Adequate Representation of Class

182.   The individually named "representative" Plaintiff will fairly and adequately advance and protect the interests of the class, as required by Fed. R. Civ. P. 23(a)(4).

### Class Certfication is Superior to the
### Advancement of Individual Claims

183.   As contemplated by Fed. R. Civ. P. 23(b)(3), questions of law and fact common to all class members predominate over any questions affecting only individual members.  Class certification will permit a more efficient and timely adjudication of the numerous claims of the prospective members, than would the advancement of individual claims.   Further, the absence of the benefit of "class membership" may result in aggrieved parties abandoning or otherwise choosing not to pursue advancement of their claim(s) due to the prohibitive cost associated therewith.

### APPOINTMENT OF *CLASS COUNSEL*

### Counsel's Work in Identifying
### and Investigating Potential Claims

184.   Plaintiff Counsel has expended thousands of dollars and well in excess of a hundred hours preparing Freedom of Information Act requests, obtaining and reviewing pertinent documents and records, conducting legal research and drafting of pleadings and proposed discovery material.

### Counsel's Experience

185.   Plaintiff Counsel, David A. Bajorek, has been a licensed attorney in the State of Michigan for a period in excess of 32-years.

186.  In his private practice of law, Plaintiff Counsel, David A. Bajorek, has:

> successfully advanced numerous "civil rights claims", including successful jury trial verdict in this court;

> handled several "wrongful death claims" (including civil rights);

> handled several complex environmental and tax litigation cases, with claims in excess of a hundred-million dollars, through the State Tax Commission, Circuit Court, Court of Appeals and Supreme Court;

> have handled approximately 28 appeals through the Michigan Court of Appeals and/or Supreme Court.

187.   In addition to engaging in the private practice of law, Plaintiff Counsel, David A. Bajorek, has held the following positions:

> served as "*District Court Judge*" for 22-years;

> served as "*Chief Judge*" of the District Court for approximately 12-years;

> "*City Attorney*";

> "*City Councilman*";

> "*Adjunct Professor of Law and Government*".

188.   As Chief Judge of the 25th District Court, David A. Bajorek discovered widespread abuses in the civil procedural processes of the court and, as a result:

> appointed a Special Prosecutor;

> issued several hundred charges of criminal contempt of court;

> issued "*show cause orders*" versus numerous law firms;

issued orders "Setting Aside" several hundred wrongfully obtained civil judgments; and

imposed sanctions of suspension from the practice of law, probation, payment of fines, costs and restitution.

189.   As a former City Attorney, City Councilman, District Court Judge and Chief Judge of a District Court, Plaintiff Counsel is uniquely experienced in and knowledgeable of the relationship of District Courts and their respective local government *"funding units"* and their *"dual respective roles"* in the process of appointment of Magistrates.

190.   Plaintiff Counsel's experience, while Chief Judge of a District Court, in identifying and remedying abuses in the judicial processes of the court evidences the ability to effectively handle complex litigation involving large numbers of interested parties.

191.   It is respectfully submitted that Plaintiff Counsel, David A. Bajorek's, experience qualifies him to serve as Class Counsel in the matter, and such service would be consistent with the considerations of Fed. R. Civ. P. 23(g)(1)(A)(ii).

## Counsel's Knowledge of Applicable Law

192.   It is respectfully submitted that plaintiff counsel, through training, education and experience, as well as case specific research, is possessed of the requisite knowledge of the applicable law, as contemplated by Fed. R. Civ. P. 23(g)(1)(A)(iii), to appropriately advance the interests of the purported class.

## Counsel's Commitment of Resources

193.   Plaintiff counsel represents to and assures this Honorable Court that he is possessed of and prepared to commit the resources necessary, as contemplated by Fed. R. Civ. P. 23(g)(1)(A)(iii), to appropriately advance the interests of the purported class.

## PRAYER FOR CLASS CERTIFICATION

**WHEREFORE,** Plaintiff James Frances Radke, Individually and on behalf of Similarly Situated Members of a Class, by and through his attorney, David A. Bajorek, respectfully prays that this Honorable Court:

A.     Enter an Order, pursuant to Fed. R. Civ. P. 23, certifying the within matter to proceed as a "Class Action" with the above named individual Plaintiff, James Frances Radke, being designated Representative of the Class;

B.     Enter an Order appointing Plaintiff Counsel, David A. Bajorek, as counsel for the Class; and

C.     Enter an Order granting such other relief as this Honorable Court deems appropriate.

## PRAYER FOR DAMAGE RELIEF

**WHEREFORE,** Plaintiff, James Frances Radke, Individually and on behalf of Similarly Situated Members of a Class, by and through his attorney, David A. Bajorek, respectfully prays that this Honorable Court:

A.     Enter Judgment in favor of Plaintiffs James Frances Radke and Similarly Situated Members of a Class against Defendants County of Monroe, Chief Judge Jack Vitale, Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone in whatever amount they are found to be entitled to as compensatory damages, costs, interest and attorney fees; and

B.     Enter Judgment in favor of Plaintiffs James Frances Radke and Similarly Situated Members of a Class against Defendants Chief Judge Jack Vitale, Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone in whatever amount they are found to be entitled to as punitive damages.

Respectfully Submitted,

_____
DAVID A. BAJOREK (P39096)
Attorney for Plaintiffs
6715 Park Avenue
Allen Park, Michigan 48101
(313) 381-9701

5-21-19
_____
Date

## DEMAND FOR TRIAL BY JURY

**NOW COMES,** Plaintiff, James Frances Radke, Individually and on behalf of Similarly Situated Members of a Class, by and through his attorney, David A. Bajorek, respectfully requesting a "Jury Trial" of all factual issues raised in the within matter.

Respectfully Submitted,

_____
DAVID A. BAJOREK (P39096)
Attorney for Plaintiffs
6715 Park Avenue
Allen Park, Michigan 48101
(313) 381-9701

5-21-19
_____
Date

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Frances Radike, Individually and on behalf of Similarly Situated Members of a Class,

**(b)** County of Residence of First Listed Plaintiff    Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David A. Bajorek (P39096)
6715 Park Avenue, Allen Park, Michigan 48101
313-381-9701

## DEFENDANTS
County of Monroe, Chief Judge Jack Vitale, Individually, Michelle M. Marcero, Tina Todd, Mitchell McFadden, Jessica D. Chaffin, David DelPiombo and Tod C. O'Lone,

County of Residence of First Listed Defendant    Monroe
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
Deprivation of 4th and 14th Amendment Rights by unauthorized purported "Magistrate" Defendants.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE                                  DOCKET NUMBER

DATE   5-21-19

SIGNATURE OF ATTORNEY OF RECORD   *[signature]* P39096

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE