UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FRANCES RADKE,

    Plaintiff,                                Case No. 19-11483
                                             Honorable Victoria A. Roberts

v.

COUNTY OF MONROE, et al.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 6]

**I.    INTRODUCTION**

In November 2017, Plaintiff James Radke ("Radke") crashed his car into a ditch in Monroe County. When officers arrived, it was clear from Radke's appearance, smell, and behavior that he was highly intoxicated. After Radke attempted but failed field sobriety tests, officers placed him under arrest. Radke refused to submit to a preliminary breathalyzer test or a chemical test to assess his blood alcohol level.

Officers transported Radke to the nearest hospital and applied for a search warrant. Defendant Tod O'Lone ("O'Lone"), a "Magistrate" of Monroe County's 1st Judicial District Court, found probable cause to issue

a search warrant for "the search and seizure of a blood sample from the body of [Radke]."

A blood draw technician drew Radke's blood. The blood was sent to the Michigan State Police crime lab for analysis. The blood test results revealed that Radke's blood alcohol content was 0.222 grams of alcohol per 100 milliliters of blood – far above the legal limit to operate a vehicle in Michigan. Radke was charged in Monroe County with operating while intoxicated ("OWI"), third offense, and driving while license suspended.

Radke filed a motion to suppress challenging the search/blood draw. However, before it was decided, Radke dropped the challenge, pled guilty to the OWI offense, and was sentenced to 210 days in jail.

Now – in a 60-page complaint against the County of Monroe, the Chief Judge of Monroe County's 1st Judicial District Court ("Chief Judge Vitale"), and six "Magistrates" of that court – Radke seeks damages on behalf of himself related to the search and on behalf of a proposed class he seeks to represent. He claims that no magistrate has authority to issue search warrants because their appointments by Chief Judge Vitale were never approved by the Monroe County Board of Commissioners pursuant to Michigan Compiled Laws § 600.8501(1). Specifically, Radke says O'Lone issued an illegal search warrant, such that: (1) the blood draw

2

constituted an unreasonable search and seizure in violation of his Fourth Amendment rights; and (2) he was deprived of his liberty and/or property without due process of law in violation of his Fourteenth Amendment rights.

This case is an end run around what Radke should have done: challenge the search warrant in the context of his criminal case and pursue an appeal if necessary. He did not do this. Among other deficiencies underlying Radke's claims, the doctrine of *res judicata* bars this case.

The Court **GRANTS** Defendants' Motion to Dismiss [ECF No. 6] and **DISMISSES** this case with prejudice.

## II. DISCUSSION

Defendants make numerous arguments in support of dismissal. The Court addresses those which are dispositive.

### A. The Magistrates Not Involved in Radke's Criminal Case

Defendants say the five Magistrates other than O'Lone should be dismissed because they were not involved in Radke's underlying criminal case and Radke fails to allege they took any other action related to him.

The Court agrees. All Magistrates other than O'Lone are dismissed.

### B. Collateral Estoppel and *Res Judicata*

Defendants argue that the doctrines of *res judicata* and collateral estoppel bar Radke's claims.

3

The doctrine of *res judicata* "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. Michigan*, 470 Mich. 105, 121 (2004); *see also Fellowship of Christ Church v. Thorburn*, 758 F.2d 1140, 1143 (6th Cir. 1985) ("As a general matter, the doctrine of res judicata forecloses relitigation of matters that were determined, or should have been raised, in a prior suit in which a court entered a final judgment on the merits.").

Radke focuses on the first and third elements; he does not dispute the existence of the second element. Radke says the "essential question[s]" underlying his § 1983 claims are the propriety of O'Lone's appointment as a Magistrate and the constitutionality of the actions taken by O'Lone as a Magistrate. He argues that *res judicata* does not apply because there was no state court adjudication of those issues. This argument fails.

The doctrine of *res judicata* applies broadly; it bars not only claims that were litigated, but also matters that Radke "could have raised" in the first case. *See Adair*, 470 Mich. at 121. Radke could have challenged the propriety of O'Lone's appointment and the constitutionality of O'Lone's

4

issuance of the search warrant in his criminal case by filing a motion to suppress. In fact, Radke filed a motion to suppress, but he dropped the challenge and pled guilty before it was decided. Moreover, the first action resulted in a decision on the merits: after Radke pled guilty, he was sentenced to jail and a final judgment was entered. Radke's claims are barred by the doctrine of *res judicata*.

Collateral estoppel does not apply because it requires that the issue be "actually litigated" in the prior action. *See Michigan v. Gates*, 434 Mich. 146, 154, 156-57 (1990). As explained above, Radke pled guilty before the issue was litigated in the prior action.

### C. Approval of Magistrate Appointments

Defendants argue that even if Radke's claims were not barred by the doctrine of *res judicata* or for other reasons, they fail as a matter of law, because the Board of Commissioners approved O'Lone's appointment by approving the budget for his position before he was appointed and by approving subsequent budgets for his pay after his appointment. The Court agrees in relevant part.

The statute at issue provides: "All magistrates . . . shall be appointed by the judges of the district and the appointments shall be subject to

approval by the county board of commissioners before a person assumes the duties of the office of magistrate." Mich. Comp. Laws § 600.8501.

Contrary to Defendants' contention, a county board's approval of appropriations for a magistrate position *before* judges of the district appoint a specific person to that position does not constitute approval of a magistrate appointment as contemplated by Mich. Comp. Laws § 600.8501(1). *See United States v. Neering*, 194 F. Supp. 2d 620, 627 (E.D. Mich. 2002) ("[U]nder Michigan law, judicial appointments of magistrates in first-and second-class districts must be approved by county boards. Blanket delegation of the appointment authority to the judges does not suffice.").

However, the Court agrees with Defendants that, after O'Lone was appointed as a magistrate, the Board's subsequent approval of line item budgets that included funding to pay O'Lone for his service as a Magistrate does constitute approval of his appointment.

Section 600.8501 does not require that a county board of commissioners approve the appointment of a magistrate by a specific or special vote related solely to that appointment; in fact, the statute does not set forth any details regarding the procedure that a board of commissioners must follow to approve a magistrate's appointment. Thus, as Defendants

6

say, the Board of Commissioners approved the appointment of O'Lone by approving budget proposals after he was appointed.

Although the Board of Commissioners did not approve O'Lone immediately after Chief Judge Vitale appointed him as a magistrate – or before O'Lone assumed the duties of magistrate – the Board did subsequently approve O'Lone by annual passage of Monroe County's budget with funding for O'Lone's pay. Therefore, when he signed the warrant for Radke's blood to be drawn, O'Lone was properly appointed as a magistrate and had authority to issue the warrant.

Moreover, contrary to Radke's conclusory allegation, O'Lone's August 2014 appointment papers state that O'Lone filed a bond with the Monroe County Treasurer and he would take the constitutional oath of office before assuming office, in accordance with Mich. Comp. Laws § 600.8507(1).

The premise on which Radke's claims are based – i.e., that O'Lone did not have the authority to issue the warrant to draw Radke's blood – is incorrect. Thus, his claims fail as a matter of law.

## III. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss [ECF No. 6] and **DISMISSES** this case with prejudice.

7

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: October 21, 2019